IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DYNASTY ENERGY SERVICES, LLC**                                                        **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 2:23-cv-133-KS-MTP**

**LIBERTY OPERATING COMPANY, LLC and**
**VERDE SERVICES, LLC**                                                                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Exclude Expert [100] filed by Defendant Verde Services, LLC ("Verde") and the Motion to Strike Expert [111] filed by Plaintiff Dynasty Energy Services, LLC. Having considered the Motions, the record, and the applicable law, the Court finds that the Motions should be denied.

On March 15, 2024, the Court entered a Case Management Order [23], which, *inter alia*, set an August 1, 2024, deadline for Plaintiff's expert designations, a September 2, 2024, deadline for Defendants' expert designations, and a November 1, 2024, discovery deadline.

Plaintiff's expert designation deadline ran on August 1, 2024, without Plaintiff designating any experts. On September 3, 2024, however, Plaintiff filed a Motion [41] requesting extensions of the case deadlines, including the expert designation deadlines. Then, on September 6, 2024, Plaintiff designated five of its employees—including Thomas Wyant—as non-retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(C). *See* Notice [42]; [50-5]. For its part, Defendant Verde moved to strike these designations as untimely. *See* Motion [45].

The Court declined to strike Plaintiff's expert designations and, instead, deemed them timely and extended the case deadlines. *See* Order [56]. Relevant here, the Court extended Defendants' expert designation deadline to November 1, 2024, and extended the discovery

1

deadline to December 2, 2024. *Id*.  The Court eventually extended the discovery deadline to March 10, 2025. *See* Order [73].

Defendant Verde designated its expert witnesses on September 2, 2024, and November 1, 2024. *See* Notices [39] [57].

On March 24, 2025—two weeks after the discovery deadline—Defendant Verde filed its Motion to Exclude [100] requesting that the Court exclude Thomas Wyant as an expert witness. Defendant Verde argues that Wyant's designation a non-retained expert is improper because he did not have ground-level involvement in the events giving rise to this litigation and that Wyant should not be allowed to testify as a retained expert because Plaintiff failed to produce a written report as required by Fed. R. Civ. P. 26(a)(2)(B).

A day later, on March 25, 2025, Plaintiff filed its Motion to Strike [111] requesting that the Court strike several of Defendant Verde's expert designations.[1]  Plaintiff argues that Defendant Verde failed to provide proper written reports as required by Fed. R. Civ. P. 26(a)(2)(B).[2]

Both Motions are untimely.  Local Rule 26 provides: "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3).  "[T]his rule has routinely been enforced in the district courts of Mississippi." *See Mid-South Outlet Shops, LLC v. c70 Builders, Inc.*, 2024 WL 4667086, at *7 (N.D. Miss. Nov. 4, 2024); *see also Keyes v. Techtronic Industries Factory Outlets, Inc.*, 2020WL 5592694, at *4 (Aug. 4, 2020).

---

[1] Although not clear, it appears that Plaintiff requests that the Court strike the designations of Tommy Lazarus, Allen Floyd, Gary Cockrell, John Young, and Randall Young.

[2] Plaintiff states that it attached to its Motion [111] the initial and supplemental designations of these witnesses, but Plaintiff did not attach any exhibit to its Motion [111].

These Motions challenging the adequacy of expert disclosures were filed two weeks after the discovery deadline. Thus, Plaintiff and Defendant Verde waived their challenges to the expert disclosures.

Additionally, neither Plaintiff nor Defendant Verde filed a memorandum brief, and the Motions may be denied on that basis. *See* L.U. Civ. R. 7(b)(4).[3]

IT IS, THEREFORE, ORDERED that:

1. The Motion to Exclude Expert [100] is DENIED and

2. The Motion to Strike Expert [111] is DENIED.

SO ORDERED this the 30th day of April, 2025.

                                                s/Michael T. Parker
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] In its Motion [111], Plaintiff requests that the Court excuse it from the requirement of filing a separate memorandum brief, but the Court declines as the Motion [111] fails to provide sufficient information for the Court to properly consider whether the expert witnesses should be stricken.